USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARRY WARREN and VIVIAN HILL,

Plaintiffs,

-against-

SARRETT HASSID, ESQ., AVI STRAUSS, EAQ., SMITH, BUSS & JACOBS, LLP,

Defendants.

26-CV-8214 (MKV)

**ORDER DENYING TRO**

MARY KAY VYSKOCIL, United States District Judge:

**BACKGROUND**

The Court is in receipt of Plaintiffs' emergency application. [ECF No. 3].[1] Plaintiffs seek "an immediate Temporary Restraining Order and Preliminary Injunction staying all lower state court housing proceedings under Index No. LT-310798-26/NY, halting the administrative default inquest scheduled for September 24, 2026, binding Defendants with prejudice from initiating any further holdover filings, and granting an explicit judicial order authorizing the opening of a bank escrow account." [ECF No. 3] at 1.

The case is brought under Title 42, United States Code, Section 1983 and New York Judiciary Law Section 487. *Id.* ¶ 8; *see also* [ECF No. 1] at 7. Plaintiffs allege that the Defendants, who are private attorneys and a private law firm, "have intentionally manufactured a multi-layered campaign of perjury, forgery, and calendar manipulation to systematically deceive the New York State judicial system and strip the Plaintiffs of their home." *Id.* ¶ 6.

[1] Plaintiffs have also filed an "emergency affidavit of systemic state judicial fraud, criminal conspiracy, and failure to comply with federal removal statutes fee-paid emergency application," [ECF No. 8] (citation modified), and a "proposed emergency order to show cause for a temporary restraining order and preliminary injunction directed to state court judges pursuant to Fed. R. Civ. P. 65, 42 U.S.C. § 1983, and 28 U.S.C. § 1446(d) fee-paid emergency constraint," [ECF No. 9] (citation modified).

The Court notes, as a preliminary matter, Plaintiffs' extensive, and in some instances apparently vexatious, history of litigation in this Circuit.[2] ***The Court specifically warns Plaintiffs now, at the outset of this case, that they are not immune from the possibility of sanctions***. *See Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 715 (2d Cir. 2019) ("In considering a litigant's status, we have recognized that *pro se* litigants, in many cases, are entitled to special solicitude, but we have not altogether excused frivolous or vexatious filings by *pro se* litigants." (citation modified)).

## STANDARD

In order to obtain a temporary restraining order or a preliminary injunction,[3] Plaintiffs must establish that: (1) they are likely to succeed on the merits of their claim; (2) they are likely to suffer irreparable harm absent temporary relief; (3) the balance of equities tips in their favor; and (4) the issuance of temporary relief is in the public interest. *See New York State Firearms Ass'n v. James*, 157 F.4th 232, 241 (2d Cir. 2025); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted

---

[2] *See Warren v. Columbia Presbyterian Hosp.*, ECF 1:18-CV-3697, 10 (S.D.N.Y. Nov. 7, 2018) (imposing filing injunction in part because of Warren's history of asserting "claims on behalf of Vivian Hill."); *Hill v. Mt. Sinai Hosp.*, ECF 1:21-CV-5932, 5 (LTS) (S.D.N.Y. Aug. 2, 2021) (*Hill II*) (dismissing complaint filed by Warren on Hill's behalf, without prejudice to Hill filing her own complaint); *Warren v. Columbia Presbyterian Hosp.*, No. 17-CV-6613 (E.D.N.Y. Nov. 21, 2017) ("In an obvious effort to avoid this Court's prior determination, Mr. Warren filed the third action in the Central Islip Courthouse. Moreover, Mr. Warren changed his first name on the filing from 'Harold' to 'Harry.' The Court has lost its patience with Mr. Warren."); *Hill Ann v. Wiviott*, No. 1:21-CV-9210 (LTS), 2021 WL 5450155 (S.D.N.Y. Nov. 19, 2021) (granting Plaintiff, who proceeded under the name "Vivian Hill Ann," leave to amend), 2022 WL 709694 (S.D.N.Y. Feb. 22, 2022) (dismissing action for failure to state a claim on which relief may be granted, under Section 1915(e)(2)(B)(ii), due to failure to file an amended complaint), *appeal dismissed*, No. 22-480 (2d Cir. Apr. 12, 2022) (effective May 3, 2022); *Hill v. N.Y.C. Dep't of Health & Mental Hygiene*, No. 1:22-CV-7203 (LTS), 2022 WL 12004853 (S.D.N.Y. Oct. 17, 2022) (granting Plaintiff leave to amend), ECF 1:22-CV-7203, 16 (S.D.N.Y. Aug. 8, 2023) (dismissing action for failure to file an amended complaint); *Hill v. Riverside Chruch.org*, ECF 1:23-CV-0059, 5 (S.D.N.Y. May 9, 2023) (granting Plaintiff leave to amend), ECF 1:23-CV-0059, 6 (S.D.N.Y. July 28, 2023) (dismissing action for failure to file an amended complaint); *Hill v. Citibank.com*, ECF 1:23-CV-0316, 4 (S.D.N.Y. Nov. 27, 2023) (dismissing action for lack of subject matter jurisdiction, with leave to amend), ECF 1:23-CV-0316, 5 (S.D.N.Y. Feb. 15, 2024).

[3] The same legal standard governs the issuance of a temporary restraining order and a preliminary injunction. *See, e.g.*, *Vans, Inc. v. MSCHF Prod. Studio, Inc.*, 88 F.4th 125, 133-35 (2d Cir. 2023); *New York v. Trump*, 765 F. Supp. 3d 287, 291 (S.D.N.Y. 2025).

unless the movant, by a *clear showing*, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (*per curiam*) (citation modified, emphasis in original) (internal quotation marks omitted); *see also Dolce v. Certified Luxury Motors*, No. 25-cv-02150 (AT) (RWL), 2025 WL 1184076, at *2 (S.D.N.Y. Apr. 23, 2025) (issuance of a temporary restraining order "is an extraordinary remedy that will not be granted lightly").

"In considering the appropriateness of a temporary restraining order, courts must examine whether the movant has demonstrated a threat of irreparable harm that will occur *immediately* to justify a temporary restraining order, while the temporal context of a preliminary injunction takes a longer view." *MAHLE Thermal & Fluid Sys. Mfg. Mgmt., Inc. v. Stark Mfg., LLC*, No. 26-CV-00083 (MMG), 2026 WL 74282, at *2 (S.D.N.Y. Jan. 9, 2026) (citation modified, collecting cases). "The movant's attorney" must also "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

## **ANALYSIS**

For the reasons discussed herein, Plaintiffs' application for a temporary restraining order and preliminary injunction is DENIED. Among other defects in their papers,[4] Plaintiffs have failed to establish a likelihood of success on the merits. Indeed, it appears that their claims are completely baseless.

Defendants are a private individuals and a private law firm. "A private individual becomes a state actor for the purposes of § 1983 only when (1) the state compelled the conduct, (2) the private party acted jointly with a state, or (3) the private party fulfilled a role that is traditionally a

[4] For example, there appear to be serious issues with respect to notice and service of process. *See* [ECF No. 3-1] at 3 (seeking an Order that that advance notice Of this application to the Defendants is completely "excused and waived pursuant to Fed. R. Civ. P. 65(b)(1)(A) because the Plaintiffs face imminent, severe corporate retaliation, threats to the physical safety of their household, and an irreversible deprivation of their high-value cooperative property interests before the Defendants can be heard in opposition"); *id.* at 4 (purporting to have already served Defendants, albeit by inadequate means).

public state function." *Karupaiyan v. New York*, No. 23-1257-CV, 2024 WL 2174272, at *2 (2d Cir. May 15, 2024) (summary order) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)), *cert. denied*, ––– U.S. ––––, 145 S. Ct. 271, 220 L.Ed.2d 82 (2024) (mem.). Plaintiffs allege that Defendants acted "in joint conspiracy with state court machinery." [ECF No. 1] at 1. But "a merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (citation modified). Accordingly, Plaintiffs have not established a likelihood of success on the merits of their claim under Section 1983.

New York Judiciary Law Section 487 provides for a private right of action only where plaintiffs "show either a deceit that reaches the level of egregious conduct or a chronic and extreme pattern of behavior on the part of the defendant attorneys." *Ray v. Fariello*, No. 23-274, 2024 WL 390293, at *1 (2d Cir. Feb. 2, 2024) (quoting *Savitt v. Greenberg Traurig*, LLP, 126 A.D.3d 506, 507, 5 N.Y.S.3d 415, 416 (1st Dep't 2015)). Even assuming Plaintiffs had plausibly pleaded as much here, the Court would be unlikely to exercise supplemental jurisdiction over this state-law claim, which is better evaluated by the system that Plaintiffs claim was systematically deceived. *See* [ECF No. 1] ¶ 2 (invoking 28 United States Code Section 1367); *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

Accordingly, the application is DENIED. **The Clerk of Court is respectfully requested to terminate docket entry number three.**

**SO ORDERED.**

Dated: September 30, 2026
New York, New York

Mary Kay Vyskocil
**MARY KAY VYSKOCIL**
United States District Judge